1   ELIZABETH A. STRANGE
    Acting United States Attorney
2   District of Arizona
    MATTHEW BINFORD
3   Arizona State Bar No. 029019
    JAMES R. KNAPP
4   Arizona State Bar No. 021166
    Assistant U.S. Attorneys
5   Two Renaissance Square
    40 N. Central Ave., Suite 1200
6   Phoenix, Arizona 85004
    Telephone: 602-514-7500
7   Email: Matthew.Binford@usdoj.gov
    Email: James.Knapp2@usdoj.gov
8   Attorneys for Plaintiff

```
___ FILED      ✓ LODGED
___ RECEIVED   ___ COPY

       JUN 1 5 2017

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

9                IN THE UNITED STATES DISTRICT COURT

10                  FOR THE DISTRICT OF ARIZONA

11

12   United States of America,                    CR- 16-1502-PHX-DGC

                         Plaintiff,
13                                                 **PLEA AGREEMENT**

14        vs.

15   Tavis Tso,

16                       Defendant.

17

18        Plaintiff, United States of America, and the defendant, Tavis Tso, hereby agree to

19   dispose of this matter on the following terms and conditions:

20   **1.    PLEA**

21        The defendant will plead guilty to Count Eleven of the indictment charging the

22   defendant with Wire Fraud, a violation of Title 18, United States Code (U.S.C.),

23   Section 1343, a Class C felony offense.

24   **2.    MAXIMUM PENALTIES**

25        a.    A violation of 18 U.S.C. § 1343, is punishable by a maximum fine of

26   $250,000.00, a maximum term of imprisonment of 20 years, or both, and a term of

27   supervised release of up to three years. A maximum term of probation is five years.

28        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

     Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 3.    AGREEMENTS REGARDING SENTENCING

a.    Recommendation. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend  that the defendant receive a term of probation, rather than a term of imprisonment.

b.    Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.    Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $10,000.00, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct

- 2 -

constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.  The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

d.      Assets and Financial Responsibility.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

e.      Acceptance of Responsibility.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16

or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Counts One through Ten of the Indictment.

b.      This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.      If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.   WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## 7.   **DISCLOSURE OF INFORMATION**

a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8.   **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due

- 5 -

immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9.    **ELEMENTS**

**Wire Fraud**
**18 U.S.C. § 1343**

From at least in or about May of 2015 and continuing until in or about June of 2015, in the District of Arizona:

1.    the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2.    the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3.    the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

4.    the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

//

//

//

## 10.   **FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I provided information technology ("IT") services for a company located in Phoenix, Arizona. In June of 2011, I renewed an account for the company with GoDaddy Operating Company, LLC ("GoDaddy"), an internet domain registrar and web hosting company.

In May of 2015, the company decided to update its contact information with GoDaddy. In order to update the company's contact information, staff members from the company contacted me and requested the account login information for the company's GoDaddy account.

I falsely told the company's staff members that I did not have the account login information for the company's GoDaddy account and that I was unable to access the account.

From on or about May 28, 2015, to on or about June 13, 2015, I accessed the company's GoDaddy account several times and changed the contact information associated with the account in order to defraud the company.

On or about June 9, 2015, I created two email accounts through Microsoft in order to defraud the company.

On or about June 12, 2015, I made changes to the company's GoDaddy account that resulted in the company's website being redirected to a blank page and the domain's email becoming unavailable to the company's staff members for incoming messages.

On or about June 12, 2015, I told staff members from the company that I could have the website returned to normal in exchange for $10,000. The company refused the offer, and I subsequently redirected their website to www.teengaydick.com.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional

1    material inconsistencies in the defendant's testimony may subject the defendant to

2    additional penalties for perjury or false swearing, which may be enforced by the United

3    States under this agreement.

4    **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

5         I have read the entire plea agreement with the assistance of my attorney. I

6    understand each of its provisions and I voluntarily agree to it.

7         I have discussed the case and my constitutional and other rights with my attorney.

8    I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

9    to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

10   present evidence in my defense, to remain silent and refuse to be a witness against myself

11   by asserting my privilege against self-incrimination, all with the assistance of counsel,

12   and to be presumed innocent until proven guilty beyond a reasonable doubt.

13        I agree to enter my guilty plea as indicated above on the terms and conditions set

14   forth in this agreement.

15        I have been advised by my attorney of the nature of the charges to which I am

16   entering my guilty plea. I have further been advised by my attorney of the nature and

17   range of the possible sentence and that my ultimate sentence shall be determined by the

18   Court after consideration of the advisory Sentencing Guidelines.

19        My guilty plea is not the result of force, threats, assurances, or promises, other

20   than the promises contained in this agreement. I voluntarily agree to the provisions of

21   this agreement and I agree to be bound according to its provisions.

22        I understand that if I am granted probation or placed on supervised release by the

23   Court, the terms and conditions of such probation/supervised release are subject to

24   modification at any time. I further understand that if I violate any of the conditions of my

25   probation/supervised release, my probation/supervised release may be revoked and upon

26   such revocation, notwithstanding any other provision of this agreement, I may be

27   required to serve a term of imprisonment or my sentence otherwise may be altered.

28

1    This written plea agreement, and any written addenda filed as attachments to this

2    plea agreement, contain all the terms and conditions of the plea.   Any additional

3    agreements, if any such agreements exist, shall be recorded in a separate document and

4    may be filed with the Court under seal; accordingly, additional agreements, if any, may

5    not be in the public record.

6    I further agree that promises, including any predictions as to the Sentencing

7    Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

8    (including my attorney) that are not contained within this written plea agreement, are null

9    and void and have no force and effect.

10    I am satisfied that my defense attorney has represented me in a competent manner.

11    I fully understand the terms and conditions of this plea agreement.  I am not now

12    using or under the influence of any drug, medication, liquor, or other intoxicant or

13    depressant that would impair my ability to fully understand the terms and conditions of

14    this plea agreement.

15

16    _6 – 15 – 17_____          _Tavis Tso_____
      Date                                        TAVIS TSO

17                                                      Defendant

18

19

20

21

22

23

24

25

26

27

28

1  **APPROVAL OF DEFENSE COUNSEL**

2      I have discussed this case and the plea agreement with my client in detail and have

3  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

4  constitutional and other rights of an accused, the factual basis for and the nature of the

5  offense to which the guilty plea will be entered, possible defenses, and the consequences

6  of the guilty plea including the maximum statutory sentence possible.  I have further

7  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

8  assurances, promises, or representations have been given to me or to the defendant by the

9  United States or any of its representatives that are not contained in this written

10  agreement.  I concur in the entry of the plea as indicated above and that the terms and

11  conditions set forth in this agreement are in the best interests of my client.  I agree to

12  make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

13  requirements of Fed. R. Crim. P. 11.

14

15  6-15-17
    Date                               MARK BERARDONI

16                                          Attorney for Defendant

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

1                                        **APPROVAL OF THE UNITED STATES**

2            I have reviewed this matter and the plea agreement.  I agree on behalf of the

3 United States that the terms and conditions set forth herein are appropriate and are in the

4 best interests of justice.

5

6                                         ELIZABETH A. STRANGE
                                           Acting United States Attorney

7                                            District of Arizona

8    JUNE  15,  2017                     MB
   Date                                       MATTHEW BINFORD

9                                            JAMES R. KNAPP

10                                            Assistant U.S. Attorneys

11                                **ACCEPTANCE BY THE COURT**

12

13

14    Date                                            HONORABLE DAVID G. CAMPBELL
                                           United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28